UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW SPRULL,

                Petitioner,

     -against-

UNITED STATES OF AMERICA,

                Respondent.

20-cv-5051 (PKC)

18-cr-665 (PKC)

OPINION AND ORDER

---

CASTEL, U.S.D.J.:

        Petitioner Matthew Sprull, represented by counsel, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Sprull argues that the Court lacked jurisdiction to enter his guilty plea and impose a sentence for Hobbs Act robbery because his conduct did not affect interstate commerce. In the alternative, he argues that his sentencing Guidelines range improperly included an enhancement because it was unforeseeable that a co-defendant would discharge a firearm during the robbery. For the reasons set forth below, the motion will be denied.

BACKGROUND

        On January 24, 2019, Sprull pleaded guilty to one count of Hobbs Act robbery under 18 U.S.C. § 1951(a) and one count of escape under 18 U.S.C. §§ 751(a) and 4082(a). At Sprull's change of plea hearing, the Court engaged in a colloquy to ensure that he knew and understood the terms of his plea agreement. (Doc 18 – Plea Tr.) In the plea agreement, Sprull agreed to not appeal if he received a sentence within or below the advisory Guidelines range. (Plea Agreement at 6.) The Court reiterated to Sprull that he was "waiv[ing] [his] right to appeal or collaterally attack the sentence unless the sentence is above the stipulated guideline range. . . ." (Plea Tr. at 15.) Sprull confirmed that he understood. (Id.) The Court then asked the

government to articulate the elements of each of the crimes to which Sprull was pleading guilty. Defense counsel was specifically asked if there was "any reason to challenge the interstate commerce requirement in this case[.]"  (Id. at 20.)  Counsel confirmed there was not.  (Id.)

In the plea agreement, two alternate Guidelines ranges were proffered by the parties.  The government urged that the Career Offender enhancement applied, a position which the Court rejected at the time of sentencing. (Doc 40 (Sentencing Tr.) at 19–20.)  The Court adopted the alternate and lower Guidelines calculation, urged by the defendant, which placed Sprull at Total Offense Level 26, Criminal History Category IV for a Guidelines range of imprisonment of 92 to 115 months.  (Id. at 20.)  Sprull was sentenced to principally 92 months imprisonment, at the low end of the advisory Guidelines range.  (Id. at 37.)

DISCUSSION

      A.  Sprull's Attack on His Guilty Plea Fails

          i.      Sprull's So Called "Jurisdictional" Objection is
                    Barred by His Plea Agreement

Count One of the Indictment charged Sprull with Hobbs Act robbery.  The statute makes it a crime to "in any way or degree obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempt[] or conspire[] so to do, or commit[] or threaten[] physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section. . . ." 18 U.S.C. § 1951. Sprull argues that there was no basis to conclude that the "articles" that were the subject of the robbery met the interstate or foreign "commerce" element.  He describes this purported deficiency as a jurisdictional defect.

The government argues that Sprull's motion is barred by the waiver in his plea agreement. The agreement states that "[i]t is agreed that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241 . . . of any sentence within or below the Stipulated Guidelines Range. . . ." (Plea Agreement at 6.) A carve out was provided permitting challenges based on the ineffective assistance of counsel. (Id.)

The Court questioned Sprull extensively on his understanding of the waiver in the plea agreement of his "right to appeal or collaterally attack the sentence" under specified circumstances. (Plea Tr. at 15.) The plea agreement itself specifically referenced "a collateral challenge, including but not limited to an application under . . . Section 2255." (Plea Agreement at 6.) He expressed understanding of the waiver and both he and his lawyer confirmed that they had discussed it. (Plea Tr. 15-16.) At the conclusion of the change of plea proceeding, the Court also made the following factual finding: "Further, I find that your plea agreement was knowingly, intelligently and voluntarily entered into, including the provisions on waiver of an appeal or collateral attack of a sentence under specified circumstances." (Plea Tr. 21.)

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016). The Second Circuit has recognized four exceptions to this principle: (1) "when the waiver was not made knowingly, voluntarily and competently"; (2) "when the sentence was imposed based on constitutionally impermissible factors"; (3) "when the government breached the plea agreement"; and (4) "when the sentencing court failed to enunciate any rationale for the defendant's sentence. . . ." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000); see also Sanford, 841 F.3d at 580.

Sprull does not argue that any of these exceptions apply here. Rather, he invokes Class v. United States, 138 S. Ct. 798 (2018) and argues that his purported jurisdictional challenge is not foreclosed by his guilty plea. In Class, the Supreme Court held that a defendant who had pleaded guilty and waived "most collateral attacks on the conviction and sentence" could directly appeal the constitutionality of the statute under which he was convicted. Class, 138 S. Ct. at 802. However, as the Second Circuit has held, the question in Class was only "whether 'a guilty plea *by itself* bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal.' " United States v. Lloyd, 901 F.3d 111, 124 n.11 (2d Cir. 2018) (emphasis in original) (quoting Class, 138 S. Ct. at 803). The holding "was limited to cases where the defendant's plea agreement 'said nothing about the right to raise on direct appeal a claim that the statute of conviction was unconstitutional.' " United States v. Yousef, 08 Cr. 1213, 2019 WL 2435621, at *2 (S.D.N.Y. June 10, 2019) (Keenan, J) (quoting Lloyd, 901 F.3d at 124 n.11) (upholding waiver where agreement "specifically includes a waiver on any collateral challenges via a § 2255 motion"); see also McFall v. United States, 11 Cr 4, 2021 WL 517498, at *3 (S.D.N.Y. Feb. 11, 2021) (Marrero, J).

Sprull's challenge also differs from the challenge in Class in that he is not challenging the constitutionality of the Hobbs Act. "A defendant who pleads guilty unconditionally admits all elements of the formal charge and, in the absence of court-approved reservation of issues for appeal, waives all challenges to prosecution except those going to the court's jurisdiction." United States v. Lasagna, 328 F.3d 61, 63 (2d Cir. 2003). However, any "alleged jurisdictional defect 'must go to the court's power to entertain the prosecution,' not to 'the government's ability to prove its case." United States v. Gijini, 419 F. App'x 4, 7 (2d Cir. 2011) (summary order) (quoting Hayle v. United States, 815 F.2d 879, 882 (2d Cir. 1987)).

Sprull challenges the government's ability to prove the interstate commerce element of Hobbs Act robbery. This is a fact-based challenge to an element of the offense. See Hayle, 815 F.2d at 882 ("If the indictment alleges all of the statutory elements of a federal offense and the defendant's contention is that in fact certain of those elements are lacking, the challenge goes to the merits of the prosecution, not to the jurisdiction of the court. . . ."). The Court concludes that Sprull has waived his right to collaterally attack his conviction via the present motion under section 2255.

          ii.      Sprull's Challenge to His Plea Allocution Was Waived and Alternatively Fails on the Merits

Sprull also frames his challenge as one founded in Rule 11(b)(3), Fed. R. Crim. P, and argues that the Court failed to determine that there was a factual basis for his guilty plea. "Challenges that typically survive appeal waivers include those asserting that the district court failed to comply with the important strictures of Rule 11, which governs entry of guilty pleas." Lloyd, 901 F.3d at 118; see also United States v. Adams, 448 F.3d 492, 497 (2d Cir. 2007). But Sprull did not bring this claim on direct appeal. "[A] defendant is barred from collaterally challenging a conviction under [section] 2255 on a ground that he failed to raise on direct appeal . . . An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." United States v. Thom, 659 F.3d 227, 231 (2d Cir. 2011) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)); see also Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007) (applying this to a Rule 11 challenge). Sprull does not proffer a reason why he did not attempt to raise his Rule 11 argument on direct appeal. Though he claims ineffective assistance of counsel at the plea hearing, he "is not barred from raising this issue because of counsel's failure to object during the plea allocution, but because

[he] did not preserve th[is] issue by raising [it] on appeal." Naut v. United States, 06 Cr. 601, 2011 WL 3370398, at *3 (S.D.N.Y. Aug. 3, 2011) (Keenan, J.)

Nor can Sprull demonstrate prejudice. In order to demonstrate prejudice, "[t]he habeas petitioner must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, (1986) (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). Sprull has not met this burden.

Under Rule 11(b)(3), the Court must "determine that there is a factual basis for the plea." In doing so, the Court is obligated to "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." United States v. Pattee, 820 F.3d 496, 509 (2d Cir. 2016). The Court is "permitted to look to 'the defendant's own admissions,' and to 'statements of the defendant, of the attorneys from the government and the defense, or of the presentence report when one is available.' " Lloyd, 901 F.3d at 124 (quoting Pattee, 820 F.3d at 509).

The government was asked to articulate the elements of Hobbs Act robbery, including the interstate commerce requirement, and describe a summary of their proof, had the case gone to trial. (Plea Tr. at 16.) They did so. The government also described the nature of the robbery, which took place within the victims' vehicle, and included "jewelry and other items." (Id. at 18.) Sprull and his codefendant fled in a vehicle after stealing the property. (Id.) The Court asked Sprull to describe his conduct in his own words. He admitted to "commit[ing] a robbery and falsely remov[ing] jewelry." (Plea Tr. at 19.) Defendant's counsel was specifically asked if he had any reason to "challenge the interstate commerce requirement." (Id. at 20.)

Counsel confirmed that he did not. (Id.) The Court was entitled to rely on this representation in concluding that there was a factual basis for a plea of guilty to Hobbs Act robbery.

### iii. Sprull's Counsel Was Not Constitutionally Ineffective

Sprull's final argument is that his counsel was constitutionally ineffective in failing to challenge the interstate commerce requirement at the plea hearing when prompted by the Court. A defendant "who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by that plea." United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002). On a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must first overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. Strickland, 466 U.S. at 688–90. Second, the defendant must prove prejudice by showing a reasonable probability that, but for counsel's performance, the result of the case would have been different. Id. at 693–94. It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome. Id. at 693. Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome" of the case. Id. at 694. Sprull fails to show that his counsel's conduct fell below an objective standard of reasonableness. Even if he had made such a showing, he has not proven any prejudice. It follows that his ineffective assistance of counsel claims fail.

First, Sprull has not shown that his counsel had a factual basis to challenge the interstate commerce requirement or that his decision not to do so was anything but a strategic choice. The Second Circuit has repeatedly stated that it will "uphold a Hobbs Act conviction if the defendant's conduct 'produces any interference with or effect upon interstate commerce, whether slight, subtle or even potential.' " United States v. Lowery, 764 F. App'x 84, 85 (2d

Cir. 2019) (summary order) (quoting United States v. Perrotta, 313 F.3d 33, 36 (2d Cir. 2002)); see also United States v. Parkes, 497 F.3d 220, 230 (2d Cir. 2007) ("[T]he required showing of an effect on interstate commerce is de minimis."). Recognizing this, Sprull's attorney made a reasonable judgment to not contest this element. See Vasquez v. United States, 15 cr 651, 2019 WL 6253276, at *2 (S.D.N.Y. Nov. 21, 2019) (Nathan, J); Harris v. United States, 14 cr 6590, 2016 WL 830761, at *5 (D. N.J. Mar. 3, 2016) (holding the same).

Second, Sprull has not demonstrated prejudice. The government represents that it had the requisite proof to demonstrate a nexus to interstate commerce. This case involved an armed robbery of "jewelry and other items" that culminated in a vehicular chase across the busy streets of New York City. (See PSR at ¶ 10–11; Doc 10 (Arraignment Tr.) at 3.) The government asserts in its response that several of the stolen items originated out of state, the victims were using a rental car, and were planning to take the vehicle to New Jersey. (Doc 64 at 18.)

Further, Sprull has not made any showing that but for his lawyer's alleged mistake, he would not have accepted the plea agreement and would have proceeded to trial. He was initially charged with a violation of 18 U.S.C. § 924(c) that carries a significant mandatory minimum sentence. (Doc 1 (S1 Indictment) at 2.) In connection with his decision to plea, he was permitted to plead to a Superseding Information that did not include the section 924(c) charge. (Doc 14 (S3 Information); Doc 64 at 13.) "[W]here a defendant secured a significant strategic benefit by pleading guilty, courts are generally less likely to suspect an involuntary or misguided decision to plead." Padilla v. Keane, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004) (citations omitted); see also Hanks v. United States, 818 F. App'x 90, 92 (2d Cir. 2020) (summary order); United States v. Reap, 391 F. App'x 99, 102 (2d Cir. 2010) (summary order).

"[T]he evidence against Defendant was strong, he acknowledges his guilt, and it is more than reasonable to assume that he would have been found guilty and faced the same [or worse] . . . consequences had he proceeded to trial." Francis v. United States, 12 cv 1362, 2013 WL 673868, at *4 (S.D.N.Y. Feb. 25, 2013) (Nathan, J).

### B. Sprull's Challenge to the Guidelines Calculation Also Fails.

Sprull also argues that his Guidelines range was improperly enhanced. As the PSR sets out, Sprull's offense level was increased because a firearm was discharged in the course of the robbery. (PSR at ¶ 4(d).) According to Sprull, because his codefendant was the one who brandished and discharged the firearm, and such conduct was "unforeseeable," it should not have been considered in his Guidelines calculation.

First, Sprull has failed to show why this argument is not foreclosed by the waiver in his plea agreement. In his plea agreement, Sprull stipulated to an advisory Guidelines calculation that included an enhancement due to the discharge of a firearm. (Plea Agreement at 3.) His waiver explicitly stated that he would not collaterally attack "any sentence within or below the Stipulated Guidelines Range" even if the Court had chosen to employ a different Guidelines analysis. (Id. at 6.) He received a sentence of 92 months' imprisonment, at the low end of the stipulated range.

Sprull asserts that the Guidelines enhancement amounts to a "complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996). True, certain sentencing errors may amount to a miscarriage of justice and can be corrected on a section 2255 motion even absent direct appeal. Id. But Sprull is collaterally challenging his sentence, and has not argued that any of the four justifications to void such a waiver are present. Gomez-Perez, 215 F.3d at 319.

Nor is the enhancement a miscarriage of justice. Like the defendant in Graziano, Sprull was explicitly informed that his plea would result in a sentence of anywhere from 92 to 115 months' imprisonment, assuming that the Court rejected the government's Career Offender argument as it did. See Graziano, 83 F.3d at 590 (no miscarriage of justice because defendant was "specifically informed" as to the fine resulting from his plea and "so informed, he voluntarily entered a plea of guilty."). He was sentenced to 92 months—the low end of the Guidelines range, and was able to plead to a Superseding Information without a section 924 (c) charge. Sprull "left the bargaining table with a deal that secured him real benefit, hardly indicating a miscarriage of justice." United States v. Hoskins, 905 F.3d 97, 104 (2d Cir. 2018). As such, his collateral challenge fails because he did not raise this issue on direct appeal and has waived the right to collaterally attack it.

Sprull's argument fails on the merits as well. According to the portion of the PSR to which no objection was made, Sprull and his co-defendant Smalls exited a gray Acura sedan and approached the two victims from behind as the victims were getting into their vehicle. (PSR at ¶ 9.) Smalls brandished a firearm, shot one of the victims and removed his jewelry, and Sprull approached the second victim and took a bag and jewelry from him. (Id.) Having been in the presence of Smalls when he brandished and discharged the firearm, Sprull got back into the Acura with Smalls who then proceeded to fire multiple shots at a pursuing vehicle driven by one of the two victims. (PSR at ¶ 11.) Thus, Sprull knew Smalls had a firearm, which he brandished and discharged while escaping the robbery scene and its victims. On these facts, there was a factual basis for the Court to conclude that the discharge of the firearm was foreseeable, and the Guidelines calculation was appropriate.

CONCLUSION

The Court has considered the balance of Sprull's arguments and finds them to be without merit. His motion to vacate, set aside or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk is directed to enter judgment for the United States, terminate the motion (Cr. Doc 60; Civ. Doc 1), and close the case (20-cv-5051).

Sprull has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir. 2011).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 14, 2021